UNITED STATES DISTRCITT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HOWARD PITTMAN,
    Plaintiff,
v.

EXPERIAN INFORMATION SOLUTIONS, INC.
an Ohio corporation,
TRANS UNION, LLC,
a Delaware limited liability company,
EQUIFAX INFORMATION SERVICES, LLC,
a Georgia corporation, and
SERVIS ONE, INC.,
d/b/a BSI FINANCIAL SERVICES,
a Delaware corporation, and
ISERVE SERVICING, INC.,
A Delaware corporation,
    Defendants.
_____/

Case No. 2:14-cv-13591
Judge Victoria A. Roberts
Magistrate Judge Paul J. Komives

## FIRST AMENDED COMPLAINT AND JURY DEMAND

**NOW COMES THE PLAINTIFF, HOWARD PITTMAN, THROUGH COUNSEL, NITZKIN AND ASSOCIATES, BY GARY D. NITZKIN**, and for his First Amended Complaint against the Defendants, plead as follows:

### JURISDICTION

1. Jurisdiction of this court arises under 15 U.S.C. §1681p.

2. This is an action brought by consumers for violation of the Fair Credit Reporting Act (15 U.S.C. §1681 et. seq [hereinafter "FCRA"] ).

## VENUE

3. The transactions and occurrences which give rise to this action occurred in West Bloomfield, Oakland County, Michigan.

4. Venue is proper in the Eastern District of Michigan.

## PARTIES

5. The Defendants to this lawsuit are:

    a. Experian Information Solutions, Inc. ("Experian") which is an Ohio company that maintains as registered agent in Oakland County, Michigan;

    b. Equifax Information Services, LLC ("Equifax") which is a Georgia company that maintains a registered agent in Ingham County, Michigan;

    c. Trans Union, LLC ("Trans Union") which is an Delaware company that maintains a registered agent in Ingham County, Michigan;

    d. Servis One, Inc., which is a Delaware company that maintains a registered agent in Ingham County, Michigan that conducts business under the name of BSI Financial Services, Inc. ("BSI"); and

    e. iServe Servicing, Inc. ("iServe") which is a Delaware company that maintains a registered agent in Texas.

## GENERAL ALLEGATIONS

6. On August 19, 2008, Plaintiff purchased a home in West Bloomfield, Michigan via a mortgage loan from Citicorp Trust Bank ("the Loan"). As part of the Loan, the Plaintiff signed a promissory note and a mortgage. Pursuant to paragraph 3 of the mortgage, Plaintiff was required to make payments into escrow for the property taxes. Citicorp

   Trust Bank was required to pay the property taxes on the property from that escrow account.

7. Upon information and belief, Citicorp transferred its entire right, title and interest in the Loan to Defendant iServe Servicing, on or about July of 2010.

8. Upon information and belief, Defendant iService Servicing transferred its entre right, title and interest in the Loan to Defendant BSI on or about June or July of 2012.

9. In this case, Defendants BSI is improperly reporting a trade line ("BSI Trade Line") with to Experian, Equifax, and Trans Union (collectively "Credit Reporting Agencies" or "CRAs") with improperly noted late payments.  Plaintiff has never late in making payments to BSI.  In addition, Defendant iServe is improperly reporting late payments on Plaintiff's Experian and Equifax credit reports with account number 3820001178* ("iServe Trade Line").  Plaintiff was, likewise, never late with his payments to iServe.

10. In December 2011, Mr. Pittman entered into a Trial Modification Plan with iServe. Pursuant to that plan, Mr. Pittman paid $1,357.80 by the 1st of January, February and March 2012. Mr. Pittman made all of these payments timely and continued to make these modified payments by the first of the month for each successive month thereafter.

11. On or about May 31, 2012, Mr. Pittman received a letter stating that the servicing of his mortgage loan had been assigned, sold or transferred from iServe to BSI, effective on June 14, 2012.

12. In January 2013, Mr. Pittman noticed that BSI had improperly reported late payments on this credit reports with all three CRAs.

13. On April 25, 2013, Mr. Pittman was advised by BSI's senior counsel, MJ Moran, that his loan modification "has been made permanent."

14. On or about June 4, 2014, Mr. Pittman obtained his credit reports and noticed that Defendants BSI and iServe were reporting his payments to them as past due.

15. On or about June 11, 2014, Plaintiff, through Michigan Consumer Credit Lawyers, sent letters to Experian, Equifax and Trans Union, noting that the BSI Trade Line was inaccurate as Mr. Pittman was never late in making his loan payments to BSI.

16. On or about August 20, 2014, Mr. Pittman, through Michigan Consumer Credit Lawyers, sent letters to all three CRAs, disputing iServe's Trade Line.  iServe improperly reported Plaintiff as late in some instances, up to 120 days.  None of this is true.  Plaintiff noted to each CRA, that the iServe Trade Line was inaccurate and that he was never late in making his loan payments to iServe.

17. Upon information and belief, all of the CRAs each transmitted all of Mr. Pittman's consumer disputes to both BSI and iServe.

18. On or about July 9, 2014, Mr. Pittman received the results of reinvestigations by Experian and Equifax as to the BSI Trade Line.  Each of these credit reporting agencies, retained the false information.

19. On or about July 11, 2014, Mr. Pittman received Trans Union's results of its investigation into the BSI Trade Line which also showed that it retained the false information.

20. On or about August 29, 2014, Mr. Pittman received correspondence from Experian regarding the iServe Servicing Trade Line which stated that it had already investigated the information and the credit grantor has verified its accuracy.

21. On or about September 4, 2014, Mr. Pittman received results of the dispute from Equifax regarding the iServe Servicing Trade Line.  Equifax continued to show late payments

between the months of August 2011 through January 2012. In addition, the status of this trade line is continuing to be reported as, "Over 120 days past due."

22. On October 30, 2014, Plaintiff has learned that Defendant BSI, as the ultimate assignee of the Loan, has failed to pay the property taxes on his property in 2013 in the amount of $3,935.97 plus subsequent delinquent fees, and the taxes for 2014 in the amount of $2,355.50.

## COUNT I

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY BSI

23. Plaintiff realleges the above paragraphs as if recited verbatim.

24. After being informed by all three Credit Reporting Agencies of Mr. Pittman's consumer dispute to Errant Trade Line No. 1, BSI negligently failed to conduct a proper reinvestigation of Mr. Pittman's dispute as required by 15 USC 1681s-2(b).

25. BSI negligently failed to review all relevant information available to it and provided by each credit reporting agency in conducting its reinvestigation as required by 15 USC 1681s-2(b).  Specifically, it failed to direct all of the credit reporting agencies to remove the late payment remarks to Errant Trade Line No. 1.

26. Errant Trade Line No. 1is inaccurate and creating a misleading impression on Mr. Pittman's consumer credit file with each credit reporting agency to which it is reporting such trade line.

27. As a direct and proximate cause of BSI's negligent failure to perform its duties under the FCRA, Mr. Pittman has suffered damages, mental anguish, suffering, humiliation and embarrassment.

28. BSI is liable to Mr. Pittman by reason of its violations of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

29. Mr. Pittman has a private right of action to assert claims against BSI arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against the Defendant BSI for damages, costs, interest and attorneys' fees.

## COUNT II

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY BSI

30. Plaintiff realleges the above paragraphs as if recited verbatim.

31. After being informed by all three Credit Reporting Agencies that Mr. Pittman disputed the accuracy of the information it was providing, BSI willfully failed to conduct a proper reinvestigation of Mr. Pittman's dispute.

32. BSI willfully failed to review all relevant information available to it and provided by each such credit reporting agency as required by 15 USC 1681s-2(b).

33. As a direct and proximate cause of BSI's willful failure to perform its respective duties under the FCRA, Mr. Pittman has suffered damages, mental anguish, suffering, humiliation and embarrassment.

34. BSI is liable to Mr. Pittman for either statutory damages or actual damages he has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and he may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against BSI for the greater of statutory or actual damages, plus punitive damages, along with costs, interest and attorneys' fees.

COUNT III

NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT
BY ISERVE

35. Plaintiff realleges the above paragraphs as if recited verbatim.

36. After being informed by Experian and Equifax of Mr. Pittman's consumer dispute to Errant Trade Line No. 2, iServe negligently failed to conduct a proper reinvestigation of Mr. Pittman's dispute as required by 15 USC 1681s-2(b).

37. iServe negligently failed to review all relevant information available to it and provided by Experian and Equifax in conducting its reinvestigation as required by 15 USC 1681s-2(b). Specifically, it failed to direct Experian and Equifax to remove the late payment remarks and status of "Over 120 days past due" to Errant Trade Line No. 2.

38. Errant Trade Line No.2 is inaccurate and creating a misleading impression on Mr. Pittman's consumer credit file with Experian and Equifax to which it is reporting such trade line.

39. As a direct and proximate cause of iServe's negligent failure to perform its duties under the FCRA, Mr. Pittman has suffered damages, mental anguish, suffering, humiliation and embarrassment.

40. iServe is liable to Mr. Pittman by reason of its violations of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

41. Mr. Pittman has a private right of action to assert claims against iServe arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against the Defendant iServe for damages, costs, interest and attorneys' fees.

## COUNT IV

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY ISERVE

42. Plaintiff realleges the above paragraphs as if recited verbatim.

43. After being informed by Experian and Equifax that Mr. Pittman disputed the accuracy of the information it was providing, iServe willfully failed to conduct a proper reinvestigation of Mr. Pittman's dispute.

44. iServe willfully failed to review all relevant information available to it and provided by Experian and Equifax as required by 15 USC 1681s-2(b).

45. As a direct and proximate cause of iServe's willful failure to perform its respective duties under the FCRA, Mr. Pittman has suffered damages, mental anguish, suffering, humiliation and embarrassment.

46. iServe is liable to Mr. Pittman for either statutory damages or actual damages he has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and he may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against iServe for the greater of statutory or actual damages, plus punitive damages, along with costs, interest and attorneys' fees.

## COUNT V

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION.

47. Plaintiff realleges the above paragraphs as if recited verbatim.

48. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Mr. Pittman as that term is defined in 15 USC 1681a.

49. Such reports contained information about Mr. Pittman that was false, misleading and inaccurate.

50. Trans Union negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Mr. Pittman, in violation of 15 USC 1681e(b).

51. After receiving Mr. Pittman's consumer dispute to Errant Trade Line No. 1, Trans Union negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

52. As a direct and proximate cause of Trans Union's negligent failure to perform its duties under the FCRA, Mr. Pittman has suffered actual damages, mental anguish and suffering, humiliation and embarrassment.

53. Trans Union is liable to Mr. Pittman by reason of its violation of the FCRA in an amount to be determined by the trier fact together with his reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Trans Union for actual damages, costs, interest and attorneys' fees.

## COUNT VI

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION.

54. Plaintiff realleges the above paragraphs as if recited verbatim.

55. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Mr. Pittman as that term is defined in 15 USC 1681a.

56. Such reports contained information about Mr. Pittman that was false, misleading and inaccurate.

57. Trans Union willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Mr. Pittman, in violation of 15 USC 1681e(b).

58. After receiving the Mr. Pittman's consumer dispute to Errant Trade Line No. 1, Trans Union willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

59. As a direct and proximate cause of Trans Union's willful failure to perform its duties under the FCRA, Mr. Pittman has suffered actual damages, mental anguish and suffering, humiliation and embarrassment.

60. Trans Union is liable to Mr. Pittman by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Defendant Trans Union for the greater of statutory or actual damages, plus punitive damages along with costs, interest and reasonable attorneys' fees.

## COUNT VII

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN.

61. Plaintiff realleges the above paragraphs as if recited verbatim.

62. Defendant Experian prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Mr. Pittman as that term is defined in 15 USC 1681a.

63. Such reports contained information about Mr. Pittman that was false, misleading and inaccurate.

64. Experian negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Mr. Pittman, in violation of 15 USC 1681e(b).

65. After receiving Mr. Pittman's consumer dispute to the Errant Trade Lines, Experian negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

66. As a direct and proximate cause of Experian's negligent failure to perform its duties under the FCRA, Mr. Pittman has suffered actual damages, mental anguish and suffering, humiliation and embarrassment.

67. Experian is liable to Mr. Pittman by reason of its violation of the FCRA in an amount to be determined by the trier fact together with his reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Experian for actual damages, costs, interest and attorneys' fees.

## COUNT VIII

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN.

68. Plaintiff realleges the above paragraphs as if recited verbatim.

69. Defendant Experian prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Mr. Pittman as that term is defined in 15 USC 1681a.

70. Such reports contained information about Mr. Pittman that was false, misleading and inaccurate.

71. Experian willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Mr. Pittman, in violation of 15 USC 1681e(b).

72. After receiving Mr. Pittman's consumer dispute to the Errant Trade Lines, Experian willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

73. As a direct and proximate cause of Experian's willful failure to perform its duties under the FCRA, Mr. Pittman has suffered actual damages, mental anguish and suffering, humiliation and embarrassment.

74. Experian is liable to Mr. Pittman by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Defendant Experian for the greater of statutory or actual damages, plus punitive damages along with costs, interest and reasonable attorneys' fees.

## COUNT IX

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX.

75. Plaintiff realleges the above paragraphs as if recited verbatim.

76. Defendant Equifax prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Mr. Pittman as that term is defined in 15 USC 1681a.

77. Such reports contained information about Mr. Pittman that was false, misleading and inaccurate.

78. Equifax negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Mr. Pittman, in violation of 15 USC 1681e(b).

79. After receiving Mr. Pittman's consumer dispute to the Errant Trade Lines, Equifax negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

80. As a direct and proximate cause of Equifax's negligent failure to perform its duties under the FCRA, Mr. Pittman has suffered actual damages, mental anguish and suffering, humiliation and embarrassment.

81. Equifax is liable to Mr. Pittman by reason of its violation of the FCRA in an amount to be determined by the trier fact together with his reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Equifax for actual damages, costs, interest and attorneys' fees.

### COUNT X

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX.

82. Plaintiff realleges the above paragraphs as if recited verbatim.

83. Defendant Equifax prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Mr. Pittman as that term is defined in 15 USC 1681a.

84. Such reports contained information about Mr. Pittman that was false, misleading and inaccurate.

85. Equifax willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Mr. Pittman, in violation of 15 USC 1681e(b).

86. After receiving Mr. Pittman's consumer dispute to the Errant Trade Lines, Equifax willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

87. As a direct and proximate cause of Equifax's willful failure to perform its duties under the FCRA, Mr. Pittman has suffered actual damages, mental anguish and suffering, humiliation and embarrassment.

88. Equifax is liable to Mr. Pittman by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Defendant Equifax for the greater of statutory or actual damages, plus punitive damages along with costs, interest and reasonable attorneys' fees.

## COUNT XI
### BREACH OF CONTRACT -

89. Plaintiff realleges the above referenced paragraphs.

90. Pursuant to the terms of the Loan, Plaintiff was required to pay monthly payments for his taxes into escrow account with iServe and then, ultimately with BSI.

91. That escrow account was taken over and assumed by Defendant BSI as the ultimate assignee of the Loan.

92. BSI, in breach of the contract between the parties, has failed to pay the property taxes on the Plaintiff's property for 2013 and 2014, causing economic and emotional damages to the Plaintiff.

**WHEREFORE, PLAINTIFF PRAYS** that this court order Defendant BSI to immediately pay the property taxes on the Plaintiff's property and award Plaintiff such additional damages, costs and attorneys' fees as this court deems just.

## JURY DEMAND

Plaintiff hereby demands a trial by Jury.

Respectfully submitted.

November 10, 2014

  /s/ Gary D. Nitzkin
GARY D. NITZKIN (P 41155)
TRAVIS SHACKELFORD P68710
NITZKIN & ASSOCIATES
Attorneys for Plaintiff
22142 West Nine Mile Road
Southfield, MI 48033
(248) 353-2882
Fax (248) 353-4840
Email – gary@micreditlawyer.com