UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HOWARD PITTMAN,

    Plaintiff,

vs

EXPERIAN INFORMATION SOLUTIONS,
INC., ET AL,

    Defendants.
_____/

Case No: 14-13591
Honorable Victoria A. Roberts

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT iSERVE'S MOTION FOR SUMMARY JUDGMENT**

**I.    NATURE OF THE ACTION**

Howard Pittman ("Pittman") brings multiple claims under the Fair Credit Reporting Act ("FCRA"). This case hinges on the validity of a trial mortgage modification plan, which was offered, but not signed as required under Michigan law. For that reason, Pittman's mortgage was not permanently modified and he cannot enforce the terms of the Trial Modification Plan.

Pittman sues Experian Information Solutions, Inc., Trans Union, LLC, Equifax Information Services, LLC, Servis One, Inc. ("BSI"), and iServe Servicing, Inc ("iServe"). He has two separate claims against all Defendants for: (1) Negligent Violation of FCRA, and; (2) Willful Violation of FCRA. Pittman also filed a breach of contract claim against BSI.

Pittman and iServe filed cross motions for Summary Judgment. Pittman seeks Summary Judgment on Counts I - Negligent Violation of FCRA by BSI, II - Willful

1

Violation of FCRA by BSI, III - Negligent Violation of FCRA by iServe, IV - Willful Violation of FCRA by iServe, and XI – Breach of Contract by BSI.

The Motion is **DENIED**.

iServe filed a Motion for Summary Judgment on Counts III – Negligent Violation of FCRA and IV – Willful Violation of FCRA .

That Motion is **GRANTED; Iserve is DISMISSED**.

### A.     Facts

iServe granted Pittman a Trial Modification Plan ("TMP") on his mortgage in December 2011 after he failed to make two mortgage payments in August and September 2011. The TMP required Pittman to make three reduced mortgage payments of $1,357.80 in a "timely manner" and stated, "After all trial period payments are timely made and you have submitted all the required documents, your mortgage will be permanently modified."  The TMP also stated, "Your credit score may be adversely affected by accepting a trial period plan." Pittman timely made the three trial payments and continued to make payments for $1,357.80 each month to iServe.  However, the TMP was never signed by Pittman or iServe, nor was it ever made permanent in writing by iServe.

Prior to the TMP, Pittman's mortgage was held by Citicorp Trust Bank when he obtained the loan in 2008.  Under the original mortgage agreement, Pittman was required to make monthly payments of $1980.42 and Citicorp agreed to deposit a portion of the payments into an escrow account designated for property taxes. The loan was transferred twice; first to iServe in July 2010 and then to BSI in June 2012.

Pittman continued to make reduced payments on his mortgage after the transfer from iServe to BSI. On April 25, 2013, iServe's senior counsel advised Pittman through email that the loan modification was permanent as far as he was aware ("According to iServe's understanding from HAMP and BSI, Mr. Pittman's loan modification has been made permanent…"). When Pittman obtained his credit reports in June 2014, he learned BSI and iServe had reported his mortgage payments as past due. This negatively impacted his credit history. Pittman sent letters to credit reporting agencies ("CRAs), Experian Information Solutions, Inc., Equifax Information Services, and Trans Union on June 11, 2014 and August 20, 2014, disputing the information furnished by BSI and iServe. In October 2014, Pittman also learned BSI had not made property tax payments from his escrow account.

This suit followed. Pittman argues he is entitled to summary judgment because iServe and BSI were bound under the TMP to conduct a reasonable investigation and rectify erroneous credit information.

iServe says it is entitled to summary judgment on the claims against it, because Pittman failed to produce a signed permanent loan modification and thus the information it reported was correct.

**II.    APPLICABLE LAW**

    **A.    Summary Judgment**

Summary Judgment is proper if "the movant shows that there is no genuine dispute as to any material fact…" Fed. R. Civ. P. 56(a). The moving party must support its motion by citing to specific parts of the materials on record, including depositions, documents, or other materials. Fed. R. Civ. P. 56. The party has the burden to

demonstrate the basis for its motion and identify portions of the record that show an absence of genuine issue for trial. *Mt. Lebanon Per. Care Home, Inc. v. Hoover Universal, Inc.*, 276 F. 3d 845 (6th Cir, 2002).

To overcome a motion for summary judgment, the non-moving party must show specific facts that present a "genuine issue for trial." *Id.* at 848. There must be enough evidence such that a reasonable jury could find for the party; "the existence of a mere scintilla of evidence… is insufficient." *Id.* at 252. The court considers "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits," to determine whether there is a genuine issue as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

Pittman and iServe filed motions for summary judgment. The same standard of review applies; parties have the burden to show there is no genuine dispute as to material facts. *B.F. Goodrich Co. v. U.S. Filter Corp.*, 245 F.3d 587, 592 (6th Cir. 2001). Each motion is reviewed on "its own merits" in order to draw reasonable inferences against the moving party. *Id.*

### III. DISCUSSION

#### A. Pittman's Trial Modification Plan is Not Legally Enforceable

Pittman says iServe and BSI violated FCRA by failing to investigate and rectify inaccuracies in their reporting to CRAs. His argument hinges on whether there was a signed permanent loan modification in place, because he was making lower monthly payments than called for under his original mortgage agreement. As evidence of an enforceable agreement, Pittman produced an unsigned copy of the TMP and an email from iServe's counsel.

4

Michigan law says a loan modification must be signed by both the borrower and the financial institution in order to be legally enforceable. *Voydanoff v. Select Portfolio Serv., Inc.*, 2011 Mich. App. LEXIS 2356 (Mich. Ct. App. 2011); *Miles v. Ocwen Loan Servicing, LLC.*, 2014 U.S. Dist. LEXIS 174700, 7 (E.D. Mich. 2014) (applying Michigan law); *Heikkinen v. Bank of Am., N.A.*, 2012 U.S. Dist. LEXIS 24463, 15 (E.D. Mich. 2012) (applying Michigan law). In each of these cases, the courts granted motions for summary judgment on breach of contract claims against financial institutions, because the plaintiffs did not have loan modification documents signed by them and their respective financial institution.

Pittman argues estoppel as a basis for reliance on the TMP. However, Michigan's Statute of Frauds expressly forbids enforcement of a financial contract that is not in writing and signed by an authorized representative of the financial institution. Mich. Comp. Laws § 566.132(2); *Heikkinen*, 2012 U.S. Dist. LEXIS 24463 at 18. The Michigan Statute of Frauds states:

> (2) An action shall not be brought against a financial institution to enforce any of the following promises or commitments of the financial institution unless the promise or commitment is in writing and signed with an authorized signature by the financial institution:
>
> (a) A promise or commitment to lend money, grant or extend credit, or make any other financial accommodation.
>
> (b) A promise or commitment to renew, extend, modify, or permit a delay in repayment or performance of a loan, extension of credit, or other financial accommodation.

5

(c) A promise or commitment to waive a provision of a loan, extension of credit, or other financial accommodation.

Mich. Comp. Laws § 566.132(2).

Pittman did not produce a signed TMP, nor can he successfully argue reliance based on estoppel, in light of Michigan's clear law. Furthermore, the TMP explicitly states it is not permanent and that Pittman's credit may be adversely affected by accepting its terms.

### B. FCRA Claims

The FCRA was enacted in 1970 to "ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of Am. V. Burr.*, 551 U.S. 47, 52 (2007). FCRA establishes a private right of action for consumers to enforce some terms of the statute. *Boggio v. USAA Fed. Sav. Bank*, 696 F.3d 611, 617 (6th Cir. 2012).

To succeed on a FCRA claim, a consumer must prove, (1) he notified the CRA of the dispute, (2) the CRA notified the furnisher of the dispute, and (3) the institution furnishing the information ("furnisher") failed to investigate or correct the disputed charge. *Taggart v. Northwest Mortgage, Inc.*, 2010 WL 114946, 9 (E.D. Penn. 2010); 15 U.S.C. § 1681 s- 2(b). Further, the consumer must show a reporting error was made. *Spence v. TRW, Inc.*, 92 F.3d 380, 382 (6th Cir, 1996) (affirming the dismissal of a plaintiff's FCRA claims on summary judgment because the plaintiff could not prove information provided by CRAs was inaccurate).

To satisfy its duty to investigate, the furnisher must demonstrate it followed the protocol outlined in 15 U.S.C. § 1681 s- 2(b): (1) conduct an investigation; (2) review the

relevant information provided by the CRA; (3) report the results of the investigation to the CRA; (4) If information is found to be incorrect, furnisher must report the results to all CRAs that the initial information was reported to; (5) if the information is incorrect, the furnisher must modify, delete, or permanently block the reporting of the information. 15 U.S.C. § 1681 s- 2(b).

Under the FCRA, the investigation must be "reasonable." *Boggio*, 696 F.3d at 617. The plaintiff has the burden to show an investigation was not reasonable. *Gibson v. Prof'l Account Mgmt., LLC*, 2013 U.S. Dist LEXIS 59388, 10 (E.D. Mich. 2013) (Quoting *Chiang v. Verizon New Eng., Inc.*, 595 F.3d 26, 37 (1st Cir. 2010)). To prove a furnisher failed to conduct a reasonable investigation, the plaintiff must show inaccurate information was reported. *Spence*, 92 F.3d at 382.

The parties do not dispute that Pittman met the first two elements of his claim; he notified the CRAs of his dispute and the CRAs notified both iServe and BSI of Pittman's dispute. The parties dispute whether the third element has been met; iServe and BSI say they conducted reasonable investigations into the dispute and rectified inaccuracies in the reporting.

### i. FCRA Claims Against iServe and BSI

Pittman says iServe erred in reporting his payments as overdue during the months of August 2011, September 2011 and January 2012 and incorrectly reported his loan payments as 120 days past due. Pittman also says BSI incorrectly reported late payments to the CRAs. Specifically, Pittman says BSI incorrectly reported he was 120 days past due on his account between September 2012 and July 2013.

7

Pittman argues iServe and BSI were bound by the TMP, and because he was offered and fulfilled the TMP requirements, his account was not past due with iServe or BSI. Pittman says if iServe and BSI had conducted reasonable investigations, they would have discovered this error and notified the CRAs of their mistake.

To support his contention, Pittman relies on: the mortgage agreement; the TMP; his affidavit and attached bank statements; documents pertaining to the transfer of the loan to BSI; his letters to CRAs disputing reports from iServe and BSI; letters from his counsel to iServe and BSI; dispute verification forms; results sent by the CRAs to iServe and BSI; and, emails between BSI, iServe, and his counsel.

iServe submits the following in support of its motion for Summary Judgment: (1) there was no enforceable loan modification agreement between iServe and Pittman and the information reported to the CRAs was correct; (2) the disputed information was reported after iServe transferred the loan to BSI; (3) iServe properly investigated the disputed credit information and reported Pittman's credit information correctly; and (4) Pittman cannot prove a right to damages caused by iServe on his credit report. iServe also relies on affidavits from iServe and CRA employees, dispute verification forms and results sent by the CRAs to iServe, and the loan modification agreement presented by Pittman.

BSI says it was not bound by the trial modification agreement entered into while iServe was the loan servicer. BSI contends the loan modification was never fully executed into a permanent modification under iServe. BSI says Pittman was still responsible for making the original monthly mortgage payments of $1,980.42. Because

8

Pittman continued to make reduced payments of $1,357.80, BSI says it correctly reported the loan as past due.

The Court only reaches the threshold question of whether there were reporting errors by iServe and BSI; an error is an essential part of an FCRA claim. *Spence*, 92 F.3d at 382. Exhibits submitted by Pittman show he failed to make a mortgage payment to iServe during the months of August and September 2011. After the TMP, Pittman made lower payments on his mortgage than his original agreement. As discussed above, Pittman is barred by Michigan law from arguing estoppel and has not presented a signed permanent loan modification. Because the TMP was neither permanent nor enforceable, and because he was on notice that his credit score could be adversely affected during the trial period, Pittman cannot show iServe or BSI made an error in reporting his loan payments as overdue.

The Court denies summary judgment in favor of Pittman and grants summary judgment in favor of iServe on Counts III and IV.

### B. BSI Breach of Contract

Pittman brings a claim against BSI for breach of contract for failing to pay property taxes out of the escrow account as required under his mortgage agreement. To support his claim, Pittman relies on property tax statements and his mortgage agreement.

To establish this claim, Pittman must prove three elements: (1) a contract exists between the parties; (2) BSI breached the contract; and (3) damages resulted to him as a result of the breach. *Bank of Am., NA v. First Am. Title Ins. Co.*, 499 Mich 74, 100 (2016).

BSI states a question of fact exists on two material issues. The first is whether Pittman materially breached the mortgage contract initially by failing to pay the entire, original sum of his mortgage payment. BSI argues Pittman committed a material breach of contract first and cannot maintain an action against it for failing to perform. *Chrysler Int'l Corp. v. Cherokee Exp. Co.*, 134 F.3d 738, 742 (6th Cir. 1998) (finding an export company could not maintain claims against an automotive manufacturer because the export company committed the first substantial breach of contract).

Second, BSI says Pittman cannot prove he has been damaged by the alleged breach. BSI says it granted a permanent modification on September 6, 2016, which included an agreement that all surplus monies in the escrow account would be returned to Pittman.

For these reasons, the Court denies Pittman's motion on this count.

## IV. CONCLUSION

Pittman's Motion for Summary Judgment against both iServe and BSI is **DENIED**. iServe's Motion for Summary Judgment is **GRANTED**; it is **DISMISSED** from this case. Claims against BSI survive.

**IT IS ORDERED.**

/s/ Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: November 30, 2016

> The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on November 30, 2016.
>
> s/Linda Vertriest
> Deputy Clerk