UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTICT OF MICHIGAN
SOUTHERN DIVISION

HOWARD PITTMAN,

    Plaintiff,                                  Case No. 14-13591
                                              Honorable Victoria A. Roberts

v.

EXPERIAN INFORMATION
SOLUTIONS, INC., et al.,

    Defendants.
_____/

**ORDER REGARDING DEFENDANT'S MOTION FOR LEAVE TO FILE MOTION FOR SUMMARY JUDGMENT [Doc. 100] AND SUSPENDING THE FINAL PRETRIAL AND TRIAL DATES UNTIL FURTHER NOTICE**

Pursuant to the Court's scheduling order, the deadline to file dispositive motions was August 12, 2016. Plaintiff Howard Pittman and Defendant iServe Servicing, Inc., filed cross motions for summary judgment. The Court granted iServe's motion and dismissed it from this case, and denied Pittman's motion. Servis One, Inc. d/b/a BSI Financial Services ("BSI") – the sole remaining defendant – did not file a timely dispositive motion.

BSI now moves for leave to file a late motion for summary judgment or motion for judgment as a matter of law; BSI's motion for leave (which incorporates BSI's motion/brief for summary judgment) is before the Court. [Doc. 100]. The motion is fully briefed.

BSI says the Court decided the threshold legal issue in its order regarding cross motions for summary judgment – i.e., "that the loan modification upon which Pittman's claims were predicated did not conform with the Statute of Frauds" – such that Pittman's

claims fail as a matter of law, and "[a] trial would not be in the best interest of either party." [Doc. 100, PgID 2456-57].

Pittman says BSI cannot establish the good cause necessary to warrant its late filing and modification to the scheduling order under Federal Rule of Civil Procedure 16(b)(4). Alternatively, he requests an opportunity to respond to the motion for summary judgment if the Court grants BSI leave.

"A [scheduling order] may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) (citation omitted). The Court should also consider any "possible prejudice to the party opposing the modification." *Id.*

BSI cannot establish good cause. Although it responded to Pittman's motion for summary judgment and was aware of the issues and governing law, BSI did not file this motion until five months after the dispositive motion deadline and over a month after the Court ruled on the cross motions for summary judgment. Moreover, trial is scheduled to begin February 21, 2017. This is carelessness, not diligence.

On the other hand, entertaining BSI's motion for summary judgment would not prejudice Pittman. In fact, if BSI is entitled to judgment as a matter of law, resolving this matter on summary judgment – rather than proceeding to trial and ultimately granting BSI judgment as a matter of law after Pittman presents his case – would save Pittman the time and expense of preparing for trial (e.g., completing the joint final pretrial order, briefing motions *in limine*, appearing for final pretrial conference, etc.) and appearing at

trial. Nevertheless, because the primary consideration of the good cause standard is the moving party's diligence, BSI fails to show it is entitled to a modification of the scheduling order under Rule 16(b)(4).

Despite this failure, "the Court has the inherent authority to consider untimely motions for summary judgment even where a party has not shown good cause for an extension of time." *Cooper v. Shelby Cnty., Tenn.*, No. 07-2283-STA-CGC, 2010 WL 3211677, at *3-*4 (W.D. Tenn. Aug. 10, 2010). As the Sixth Circuit held, "it is within the court's discretion to consider a motion for summary judgment, even after the time stipulated in the court's order, where such consideration will eliminate unnecessary trials which waste the parties' time and money, and allow the court to give judgment on the issues of law where no disputed issues of fact are found." *Williams v. Wilkinson*, 134 F.3d 373, 1997 WL 809971, at *2 (6th Cir. Dec. 18, 1997) (internal quotation marks and brackets omitted).

The Court will entertain BSI's motion for summary judgment, because: (1) the Court previously ruled that (i) no signed permanent loan modification existed, (ii) Michigan law bars Pittman from arguing estoppel, and (iii) Pittman cannot show BSI made an error in reporting his loan payments as overdue; and (2) ruling on the motion may prevent an unnecessary trial, which would save time, money, and judicial resources. *See id.*; *Century Indem. Co. v. Aero-Motive Co.*, 379 F. Supp. 2d 879, 880-81 (W.D. Mich. 2004), *aff'd*, 155 Fed. Appx. 833 (6th Cir. 2005).

Pittman may file a supplemental response/sur-reply to BSI's motion for summary judgment and reply brief. The supplemental response/sur-reply is due **FEBRUARY 13, 2017**, and may not exceed 5 pages.

The Court is entertaining BSI's motion because it may serve judicial efficiency by preventing an unnecessary trial, and may save the parties Court the associated time and expense that goes with trial. However, BSI's lack of diligence in bringing this motion only one month before trial is set to begin is inexcusable and sanctionable. *See Chao v. Local 951 United Food & Commercial Workers*, No. 1:05-CV-638, 2006 WL 2771771, at *1-*2 (W.D. Mich. Sept. 25, 2006); Fed. R. Civ. P. 16(f).

Rule 16(f) allows the Court to "issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney . . . fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1)(C). BSI's inexcusable failure to comply with the scheduling order justifies a sanction.

The Court **SANCTIONS** BSI's counsel $2,000, payable to Pittman; Pittman's counsel is not entitled to any of this amount. BSI's counsel must pay Pittman by **FEBRUARY 24, 2017**.

Moreover, Rule 16(f)(2) provides that: "Instead of or in addition to any other sanction, the court must order the party, its attorney, or both to pay the reasonable expenses – including attorney's fees – incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 16(f)(2). BSI's noncompliance was not substantially justified, and no other circumstance makes an award of expenses unjust.

The Court **AWARDS** Pittman its reasonable costs and attorney fees incurred in briefing BSI's late motion, capped at $2,500. Pittman's counsel is entitled to this award, not Pittman. By **FEBRUARY 13, 2017**, Pittman's counsel must submit a statement of expenses that sets forth the costs and fees incurred in briefing this matter. Unless

4

objected to in writing, BSI's counsel must pay Pittman's counsel the amount of those expenses by **FEBRUARY 24, 2017**.

The Court **SUSPENDS** all final pretrial dates and the February 21 trial; these dates will be rescheduled if necessary.

**IT IS ORDERED**.

/s/ Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: January 31, 2017

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on January 31, 2017.

s/Linda Vertriest
Deputy Clerk