UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HOWARD PITTMAN,

    Plaintiff,

v.

EXPERIAN INFORMATION
SOLUTIONS, et al.

    Defendants.
_____/

Case No. 14-13591
HON. VICTORIA A. ROBERTS

## **ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AS TO iSERVE SERVICING, INC.**

Plaintiff Howard Pittman seeks to collect damages arising from Defendant iServe's alleged violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*

On December 18, 2018, Magistrate Judge Stephanie Dawkins Davis scheduled a settlement conference. The order required that the conference be attended by trial counsel and an authorized representative of each party, unless expressly excused by the Court. The order cautioned "[f]ailure to produce the appropriate person(s) at the conference may result in an award of costs and attorney fees incurred by the other parties in connection with the conference and/or other sanctions against the noncomplying party and/or counsel." [ECF No. 125, PageID.2746].

1

No company representative for Defendant iServe appeared at the settlement conference. This is the basis of Pittman's motion; he seeks the sanction of a default judgment against iServe.

**I.   ANALYSIS**

The first procedural step before a party can get a default judgment is entry of default under Fed. R. Civ. P. 55(a). *Shepard Claims Serv. Inc. v. Williams Darrah & Assoc.,* 796 F.2d 190, 193 (6th Cir. 1986). Pittman failed to obtain a clerk's entry of default against Defendant iServe. *Heard v. Caruso,* 351 Fed.Appx. 1, 15-16 (6th Cir. 2009) ("Prior to obtaining a default judgment under either Rule 55(b)(1) or Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a).") (quoting 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2682, at 13 (3rd ed. 1998)). *See also* Fed. R. Civ. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default".).

**II.   CONCLUSION**

Pittman must obtain a clerk's entry of default before the Court can enter a default judgment.

The Court **DENIES** Plaintiff's Motion for Default Judgment without prejudice.

Plaintiff must request a clerk's entry of default by Friday, November 1, 2019. After that entry is obtained, he must file his motion for default judgment within seven (7) days. If Plaintiff fails to comply with either of these deadlines, his claims against iServe will be dismissed with prejudice. No extensions will be given.

**IT IS ORDERED.**


Dated: October 25, 2019                    s/ Victoria A. Roberts
                                           Victoria A. Roberts
                                           United States District Judge