UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HOWARD PITTMAN,

    Plaintiff,                              Case No. 14-13591
                                                 HON. VICTORIA A. ROBERTS
v.

EXPERIAN INFORMATION
SOLUTIONS, et al.

    Defendants.
_____/

## ORDER REGARDING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND SETTING AN EVIDENTIARY HEARING TO DETERMINE DAMAGES [ECF No. 138]

### I.    INTRODUCTION

Before the Court is Plaintiff Howard Pittman's Motion for Default Judgment as to iServe Servicing, Inc. Pittman seeks to collect damages arising from iServe's alleged violation of the Fair Credit Reporting Act, ("FCRA") 15 U.S.C. § 1681 *et seq.*

Pittman is entitled to a default judgment. However, because the Court cannot determine the damages from the motion papers and exhibits with reasonable certainty, the Court will hold an evidentiary hearing on damages on **February 24, 2020 at 3:00PM**.

## II.     BACKGROUND

On November 11, 2014, Pittman filed an amended complaint against several defendants including iServe Servicing, Inc. The complaint arises from Pittman's borrowing of funds to purchase a home in August 2008. Pittman purchased the home with funds borrowed from Citicorp Trust Bank and secured a mortgage on the property. iServe serviced the loan originally and granted Pittman a loan modification around December 2011. Pittman says he paid his mortgage timely. On May 31, 2012, iServe told Pittman that the servicing on his loan was "assigned, sold, or transferred," to BSI Financial Services, Inc., another Defendant in this case.

In June 2014, Pittman says he learned that BSI and iServe were reporting his mortgage payments as past due. He disputes these reports and says they were made in violation of the Fair Credit Reporting Act.

iServe actively participated in this case until February 2018. On December 18, 2018, Magistrate Judge Stephanie Dawkins Davis scheduled a settlement conference. The order required that the conference be attended by trial counsel and an authorized representative of each party, unless expressly excused by the Court. The order cautioned "[f]ailure to produce the appropriate person(s) at the conference may result in an award of costs and attorney fees incurred by the other parties in connection with the conference

and/or other sanctions against the noncomplying party and/or counsel." [ECF No. 125, PageID.2746].

No company representative for iServe appeared at the settlement conference. However, Pittman's counsel certifies in his motion that he spoke with iServe's then-counsel of record during the settlement conference. He says iServe's counsel stated iServe was closing its business, would not oppose this motion, and that he would be withdrawing as iServe's counsel. iServe's counsel withdrew on February 1, 2019.

The Clerk of the Court entered default against iServe on November 5, 2019. [ECF No. 137].

### III.  LEGAL STANDARD

Default judgments are governed by Fed. R. Civ. P. 55. Pursuant to Rule 55(b), the Court may enter a judgment of default against a defendant who fails to plead or otherwise defend against an action. To obtain a judgment by default, the moving party must first request for the Clerk of the Court to enter a default under Fed. R. Civ. P. 55(a). *Shepard Claims Serv. Inc. v. Williams Darrah & Assoc.,* 796 F.2d 190, 193 (6th Cir. 1986).

Upon entry of a default, all well-pled allegations of the plaintiff's complaint are deemed admitted. *Ford Motor Co. v. Cross,* 441 F. Supp. 2d

837, 846 (E.D. Mich. Jun. 9, 2006) (citing *Visioneering Construction v. U.S. Fidelity and Guaranty,* 661 F.2d 119, 124 (6th Cir. 1981)). A default judgment on well-pled allegations only establishes a defendant's liability; the plaintiff must still establish the extent of damages. *RQSI Global Asset Allocation Master Fund, Ltd. v. APERCU International PR LLC,* 2019 WL 1922052, at *4 (internal citations omitted).

IV. **ANALYSIS**

a. **Pittman is Entitled to a Default Judgment**

The Clerk of the Court entered default against iServe on November 5, 2019. [ECF No. 137]. iServe has neither made a request to set aside the default nor responded to Pittman's motion. Further, Pittman's counsel certifies iServe's then-counsel of record stated iServe closed its business and would not oppose this motion.

As explained above, upon entry of default by the Clerk of the Court, the well-pled factual allegations in the plaintiff's complaint are deemed admitted. *Ford Motor Co. v. Cross,* 441 F. Supp. 2d 837, 846 (E.D. Mich. Jun. 9, 2006) (citing *Visioneering Construction v. U.S. Fidelity and Guaranty,* 661 F.2d 119, 124 (6th Cir. 1981)). As such, the Court finds Pittman's

4

amended complaint sufficiently alleges facts to support his claims of negligent and willful violation of the FCRA.

Pittman is entitled to default judgment.

### b. The Court Will Hold an Evidentiary Hearing to Determine Damages with Reasonably Certainty

Pittman seeks the following damages: (1) actual damages in the amount of $25,000 based on the denial of a Home Depot credit card, refinancing of his auto loan to 1.99% interest, and Pittman's difficulty sleeping and increased blood pressure due to iServe and BSI's inaccurate reporting; (2) punitive damages in the amount of $25,000 based on Pittman's financial vulnerability; and (3) costs and attorney's fees in the amount of $110,665.15, for a total of $160,665.15. In the alternative, Pittman asks the Court to hold an evidentiary hearing on damages.

A plaintiff must prove his entitlement to the requested monetary damages. *Id.* The Court must conduct an inquiry to ascertain the amount of damages with reasonable certainty. *Vesligaj v. Peterson,* 331 F. App'x. 351, 355 (6th Cir. 2009). Rule 55(b) authorizes the Court to hold a hearing to determine the amount of damages. The Court may also rely on affidavits and other documentary evidence to determine that appropriate damages amount. *Hart v. Estes,* 2018 WL 1914295 at *2 (W.D. Ky. Apr. 23, 2018).

Because the Court cannot determine the appropriate damages amount from the motion papers and exhibits, the Court will hold an evidentiary hearing **on February 24, 2020 at 3:00PM**. Counsel for Pittman must be prepared to present evidence in all categories of damages sought.

**IT IS ORDERED.**

Dated: December 30, 2019

s/ Victoria A. Roberts
Victoria A. Roberts
United States District Court Judge