UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HOWARD PITTMAN,

    Plaintiff,

v.

EXPERIAN INFORMATION
SOLUTIONS, et al.

    Defendants.
_____/

Case No. 14-13591
HON. VICTORIA A. ROBERTS

## ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT
## [ECF No. 138]

### I.    INTRODUCTION

Before the Court is Howard Pittman's Motion for Default Judgment against iServe Servicing, Inc. Pittman seeks damages arising from iServe's alleged violation of the Fair Credit Reporting Act, ("FCRA") 15 U.S.C. § 1681 *et seq.*

Pittman is entitled to a default judgment. The Court held an evidentiary hearing via videoconference on April 20, 2020 to determine the appropriate damages.

## II.     BACKGROUND

On November 11, 2014, Pittman filed an amended complaint against several defendants including iServe Servicing, Inc. The complaint arises from Pittman's borrowing of funds to purchase a home in August 2008. Pittman purchased the home with funds borrowed from Citicorp Trust Bank and secured a mortgage on the property. iServe serviced the loan originally and granted Pittman a loan modification around December 2011. Pittman says he paid his mortgage timely. On May 31, 2012, iServe told Pittman that the servicing on his loan was "assigned, sold, or transferred," to BSI Financial Services, Inc., another Defendant in this case.

In June 2014, Pittman says he learned that BSI and iServe reported his mortgage payments as past due. He disputes these reports and says they were made in violation of the FCRA.

iServe actively participated in this case until February 2018. On December 18, 2018, then Magistrate Judge Stephanie Dawkins Davis scheduled a settlement conference. The order required that the conference be attended by trial counsel and an authorized representative of each party, unless expressly excused by the Court. The order cautioned "[f]ailure to produce the appropriate person(s) at the conference may result in an award of costs and attorney fees incurred by the other parties in connection with

the conference and/or other sanctions against the noncomplying party and/or counsel." [ECF No. 125, PageID.2746].

No company representative for iServe appeared at the settlement conference. However, Pittman's counsel certifies in his motion that he spoke with iServe's then counsel of record during the settlement conference. He says iServe's counsel stated iServe was closing its business, would not oppose this motion, and that he would withdraw as iServe's counsel. iServe's counsel withdrew on February 1, 2019.

The Clerk of the Court entered default against iServe on November 5, 2019. [ECF No. 137].

### III. LEGAL STANDARD

Default judgments are governed by Fed. R. Civ. P. 55. Pursuant to Rule 55(b), the Court may enter a judgment of default against a defendant who fails to plead or otherwise defend against an action. To obtain a judgment by default, the moving party must first request for the Clerk of the Court to enter a default under Fed. R. Civ. P. 55(a). *Shepard Claims Serv. Inc. v. Williams Darrah & Assoc.,* 796 F.2d 190, 193 (6th Cir. 1986).

Upon entry of a default, all well-pled allegations of the plaintiff's complaint are deemed admitted. *Ford Motor Co. v. Cross,* 441 F. Supp. 2d

837, 846 (E.D. Mich. Jun. 9, 2006) (citing *Visioneering Construction v. U.S. Fidelity and Guaranty,* 661 F.2d 119, 124 (6th Cir. 1981)). A default judgment on well-pled allegations only establishes a defendant's liability; the plaintiff must still establish the extent of damages. *RQSI Global Asset Allocation Master Fund, Ltd. v. APERCU International PR LLC,* 2019 WL 1922052, at *4 (internal citations omitted).

## IV. ANALYSIS

### a. Pittman is Entitled to a Default Judgment

The Clerk of the Court entered default against iServe on November 5, 2019. [ECF No. 137]. iServe has neither made a request to set aside the default nor responded to Pittman's motion. Further, Pittman's counsel certifies iServe's then-counsel of record stated iServe closed its business and would not oppose this motion.

As explained above, upon entry of default by the Clerk of the Court, the well-pled factual allegations in the complaint are deemed admitted. *Ford Motor Co. v. Cross,* 441 F. Supp. 2d 837, 846 (E.D. Mich. Jun. 9, 2006) (citing *Visioneering Construction v. U.S. Fidelity and Guaranty,* 661 F.2d 119, 124 (6th Cir. 1981)). As such, the Court finds Pittman's amended

complaint sufficiently alleges facts to support his claims of negligent and willful violation of the FCRA.

Pittman is entitled to default judgment.

### b. Pittman is Entitled to Damages

Pittman seeks the following damages: (1) actual damages in the amount of $25,000 based on the denial of a Home Depot credit card, the refinancing of his auto loan to 1.99% interest, and his difficulty sleeping and increased blood pressure due to the inaccurate reporting; (2) punitive damages in the amount of $25,000 based on Pittman's financial vulnerability; and (3) costs and attorney's fees in the amount of $110,665.15, for a total of $160,665.15.

The Court must conduct an inquiry to ascertain the amount of damages with reasonable certainty. *Vesligaj v. Peterson,* 331 F. App'x. 351, 355 (6th Cir. 2009). Rule 55(b) authorizes the Court to hold a hearing to determine the amount of damages. The Court may also rely on affidavits and other documentary evidence to determine the appropriate damages amount. *Hart v. Estes,* 2018 WL 1914295 at *2 (W.D. Ky. Apr. 23, 2018).

### 1. Compensatory Damages

Pittman seeks $25,000 in compensatory damages. He says he was denied a Home Depot credit card and a low interest rate on an auto loan. He also notes difficulty sleeping and an unhealthy increase in his blood pressure, resulting in a higher dosage of blood pressure medication. He attributes all of this to iServe's conduct. Pittman testified to the same at the evidentiary hearing.

This district has held that testimony alone is enough to substantiate an award for emotional distress. *Green v. Nationwide Arbitration Services, LLC,* 2015 WL 7717165 (E.D. Mich. Nov. 30, 2015). In *Green,* the Court awarded plaintiff actual monetary damages and damages for emotional distress. The court noted the plaintiff "appeared and testified to her actual monetary damages and damages for emotional distress." *Id.* at *1. *Green* relied on *Zhang v. American Gem Seafoods, Inc.,* 339 F.3d 1020, 1040 (9th Cir. 2003), where the Ninth Circuit upheld an award for emotional distress damages based on the plaintiff's testimony.

The Court finds Pittman's testimony credible. His testimony is supported by a previously submitted affidavit. [ECF No. 91-16]. Pittman is entitled to actual and emotional distress damages in the amount of $25,000.

### 2. Punitive Damages

Pittman seeks $25,000 in punitive damages. The Supreme Court has not created a formulaic system to gauge the constitutionality of punitive damage awards. *Bach v. First Union Nat. Bank,* 486 F.3d 150, 156 (6th Cir. 2007). The constitutionally correct amount of punitive damages is a "highly fact-intensive exercise." *Id.* The Court considers three factors in determining punitive damages: (1) the reprehensibility of the defendant's misconduct; (2) the disparity between the actual or potential harm suffered by the plaintiff – the injury covered by compensatory damages – and the punitive damages award; and (3) the difference between the relevant punitive damages award and the civil penalties authorized or imposed in similar cases. *Id.* at 153.

The most important factor the Court must consider is the first – the reprehensibility of iServe. The Court must consider whether: "the harm caused was physical as opposed to economic; the tortious conduct evinced an indifference to or a reckless disregard of the health or safety of others; the target of the conduct had financial vulnerability; the conduct involved repeated actions or was an isolated incident; and the harm was the result of intentional malice, trickery, or deceit, or mere accident." *State Farm Mut. Auto. Ins. Co. v. Campbell,* 538 U.S. 408, 419 (2003). The Supreme Court instructed that the existence of any one factor weighing in favor of a plaintiff

may not be sufficient to sustain a punitive damages award, and the absence of all will render any award suspect. *Id.* The Supreme Court said "[i]t should be presumed a plaintiff has been made whole for his injuries by compensatory damages, so punitive damages should only be awarded if the defendant's culpability, after having paid compensatory damages, is so reprehensible as to warrant the imposition of further sanctions to achieve punishment or deterrence." *Id.*

Like *Bach,* Pittman satisfies two of these factors: he is financially vulnerable, and the conduct involved repeated actions. Pittman testified that he was denied a Home Depot credit card and was denied a low interest rate for an auto loan that he would have qualified for absent iServe's conduct. iServe continuously reported his mortgage payments as past due even after he advised them its reporting was inaccurate. Although the punitive damages award in *Bach* followed a jury trial rather than a default judgment, the Court applies the same reasoning here.

In *Bach,* the Sixth Circuit found a punitive damages award at or near the amount of the compensatory damages were appropriate where the defendant, First Union National Bank, continued to report unfavorable credit information regarding Bach, even after Bach notified them that the information was inaccurate – the same as Pittman. 486 F.3d at 155. The

8

Sixth Circuit called First Union National Bank's conduct "blameworthy," and noted its actions "merit strong disapproval and justify an award of punitive damages." *Id.* at 155. The Court finds iServe's conduct justifies an award of punitive damages to achieve deterrence, and an award in the same amount of the compensatory actual damages is appropriate.

### 3. Costs and Attorney's Fees

Pittman seeks attorney's fees in the amount of $110,665.15.

The Court has broad discretion to determine a reasonable hourly rate for an attorney. *The Northeast Ohio Coalition for the Homeless v. Husted,* 831 F.3d 686, 715 (6th Cir. 2016). To do so, courts use as a guideline the prevailing market rate, which is defined as "'the rate that lawyers of comparable skill and experience can reasonably expect to command within the venue of the court of record.'" *Id.* (quoting *Geier v. Sundquist,* 372 F.3d 784, 791 (6th Cir. 2004). Pittman's counsel submits the statement of costs and attorney's fees and the 2017 State Bar of Michigan Economics of Law Practice Report. The Court finds the State Bar of Michigan's Economics of Law Practice Survey is a reliable tool and, given the longevity of this case, finds Pittman's attorneys' fees are reasonable.

## V. CONCLUSION

Pittman is entitled to judgment; $25,000 in compensatory damages, $25,000 in punitive damages, and $110,665.15 in attorney's fees and costs.

The Court enters default judgment for Pittman in the amount of $160,665.15 against iServe Servicing, Inc.

**IT IS ORDERED.**

Dated: June 3, 2020    s/ Victoria A. Roberts
                      Victoria A. Roberts
                      United States District Court Judge